UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND STROMINGER,

    Plaintiff,

    v.                                      CAUSE NO. 3:20-CV-266-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Raymond Strominger, a prisoner without a lawyer, filed a motion asking to file an amended complaint. ECF 24. He may amend "once as a matter of course" because the amended complaint was filed within "21 days after service of a responsive pleading," Fed. R. Civ. P. 15(a)(1)(B), and Mr. Strominger receives the benefit of the prison mailbox rule. *See* Fed, R. Civ. P. 6(d); Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001). Therefore, the motion was unnecessary and will be construed as a notice. The clerk will be directed to separately file the amended complaint.

The amended complaint is nearly identical to the original complaint with few changes. *Compare* ECF 1 and 24-1. The amended complaint omits the defendants dismissed in the first screening order, retains the ten for whom Mr. Strominger was granted leave to proceed, and adds two others. The first 49 paragraphs aren't meaningfully different and the claims against the ten defendants who survived screening remain unchanged. Therefore it is unnecessary to repeat the analysis of those claims in this opinion. Paragraph 50

is different and paragraph 51 is added. Both of those paragraphs address the two new defendants.

The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The amended complaint alleges that defendant Winn told Mr. Strominger he wasn't on the insulin list. It is unclear when this happened, but because of that single statement at an unknown time, Mr. Strominger wants to sue Sherri Fritter, whom he alleges prepared the list, because he believes she was responsible for omitting his name.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v.

Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

A complaint must contain enough factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

3

Mr. Strominger alleges he was prescribed insulin twice a day – in the morning and evening. In the nearly eight months discussed in the complaint, he mentions missing his insulin only thirteen times. By inference, he received insulin hundreds of other times. Consequently, the complaint doesn't allege facts from which it can be plausibly inferred Sherri Fritter intentionally or in a criminally reckless manner omitted his name from the insulin list knowing he was at serious risk of harm by doing so. Sherri Fritter must be dismissed.

The amended complaint also alleges Wexford of Indiana, LLC, the entity providing medical services at the prison, refuses to adopt policies for coordinating care for diabetes. A private company performing a State function can be held liable to the same extent as a municipal entity under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Mr. Strominger's amended complaint only alleges that two prison guards (who aren't Wexford employees) refused to take him to medical for his insulin. It says nothing about Wexford or its employees being involved with his not getting insulin. Based on these allegations, it isn't plausible to infer that Wexford's policies, or lack thereof, was in anyway responsible for his not having gotten insulin on the thirteen occasions described in the amended complaint. Wexford must be dismissed.

Mr. Strominger's amended complaint is now the operative complaint for this lawsuit. Though none of the claims nor defendants are changed, for the sake

of clarity, the court will repeat that portion of the prior screening order granting him leave to proceed on those claims against those defendants. It's unnecessary for the defendants to file another answer and they will not be ordered to do so.

For these reasons, the court:

(1) CONSTRUES the motion (ECF 24) as a Notice of Amendment pursuant to Federal Rule of Civil Procedure 15(a)(1)(B);

(2) DIRECTS the clerk to separately docket the amended complaint (ECF 24-1);

(3) GRANTS Raymond Strominger leave to proceed against Alisha Winn in her individual capacity for compensatory and punitive damages for violating the Eighth Amendment by being deliberately indifferent to his need for:
    (a) insulin in the morning and evening on April 22, 2019;
    (b) insulin in the morning on April 23, 2019; and
    (c) eye drops at 11 a.m. on July 1, 2019; July 2, 2019; and July 10, 2019;

(4) GRANTS Raymond Strominger leave to proceed against Anthony Neal and Ryan Statham in their individual capacities for compensatory and punitive damages for violating the Eighth Amendment by being deliberately indifferent to his need for:
    (a) insulin in the morning on April 24, 2019; April 25, 2019; April 29, 2019; May 3, 2019; May 4, 2019; and May 9, 2019;
    (b) insulin and eye drops in the morning on June 29, 2019; June 30, 2019; July 3, 2019; and July 12, 2019; and
    (c) eye drops at 11 a.m. on July 3, 2019; and July 4, 2019;

(5) GRANTS Raymond Strominger leave to proceed against Darrell Draper in his individual capacity for compensatory and punitive damages for violating the Eighth Amendment by being deliberately indifferent to his need for eye drops at 11 a.m. on July 1, 2019; July 2, 2019; and July 10, 2019;

(6) GRANTS Raymond Strominger leave to proceed against Eugene Lasco in his individual capacity for compensatory and punitive damages for violating the Eighth Amendment by being deliberately indifferent to his need for eye drops at 11 a.m. on September 21, 2019; October 4, 2019; and October 6, 2019;

(7) GRANTS Raymond Strominger leave to proceed against Eduardo Tobon in his individual capacity for compensatory and punitive damages for violating the Eighth Amendment by being deliberately indifferent to his need for eye drops at 11 a.m. on September 21, 2019; and October 4, 2019;

(8) GRANTS Raymond Strominger leave to proceed against Samuel Weatherby in his individual capacity for compensatory and punitive damages for violating the Eighth Amendment by being deliberately indifferent to his need for eye drops at 11 a.m. on October 6, 2019;

(9) GRANTS Raymond Strominger leave to proceed against Keith Wilson, James Tibbs, and Donald Teague in their individual capacities for compensatory and punitive damages for violating the Eighth Amendment by being deliberately indifferent to his need for:
- (a) eye drops at 11 a.m. on September 24, 2019; September 27, 2019; September 29, 2019; October 8, 2019; October 11, 2019; and October 12, 2019; and
- (b) a medical appointment on December 6, 2019; and December 11, 2019;

(10) DISMISSES all other claims; and

(11) DISMISSES Sherri Fritter and Wexford of Indiana, LLC.

SO ORDERED on December 7, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT