UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND STROMINGER,

    Plaintiff,

    v.       CAUSE NO. 3:20-CV-266-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Raymond Strominger, a prisoner without a lawyer, is proceeding in this case against ten defendants based on dozens of discrete events in which he says he was denied insulin, eye drops, or medical appointments between April 22, 2019, and December 11, 2019. ECF 25 at 5-6. The defendants filed a motion seeking partial summary judgment, arguing Mr. Strominger didn't exhaust his administrative remedies as to some of the claims related to insulin and eye drops.[1] ECF 28.

The defendants concede that Mr. Strominger exhausted four administrative grievances related to the denial of insulin and eye drops on April 22, 2019; April 23, 2019; April 24, 2019; April 25, 2019; April 29, 2019; June 29, 2019; June 30, 2019; September 21, 2019; September 24, 2019; September 27, 2019; September 29, 2019; October 4, 2019; October 6, 2019; and October 8, 2019. ECF 29 at 10. They argue "Plaintiff did not submit any grievance for the alleged incidents he alleges occurred

---

[1] Two claims are related to medical appointments. The defendants concede Mr. Strominger exhausted his remedies on the December 6, 2019, claim. They make no mention of the December 11, 2019, claim. Therefore, the medical appointment claims are not relevant to this summary judgment motion.

on May 3, 2019, May 4, 2019, May 9, 2019, July 1, 2019, July 2, 2019, July 3, 2019, July 4, 2019, July 10, 2019, July 12, 2019, October 11, 2019 and October 12, 2019." ECF 29 at 10-11. It is the claims based on these eleven days for which they seek partial summary judgment.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original). However,

> In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing. Separate complaints about particular incidents are only required if the underlying facts or the complaints are different. Thus, once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement.

Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013) (citations omitted).

The claims in this case are about multiple times when ten different guards denied Mr. Strominger insulin and/or eye drops. In each instance, the guards are alleged to have refused to take him from his housing assignment to medical to receive treatment at the prescribed times. It is unclear whether the reason for the denial was the same each time, but the problem was the same.

The defendants try to distinguish Turley by arguing the "complaints involved different custody staff officers who Plaintiff named as Defendants." ECF 36 at 4. They argue Mr. Strominger's claims are for "separate instances occurring on different days and (at times) involving different Defendants." *Id*. at 6. So which date and which guard are the two distinctions the defendants identify as the reason Mr. Strominger needed to file a grievance about each incident he raises in this case. However, Turley makes clear "[s]eparate complaints about particular incidents are only required if the underlying facts or the complaints are different." Turley, 729 F.3d at 650. Therefore, merely because his claims are based on events that happened on different days is not a basis for finding that Mr. Strominger didn't exhaust his administrative remedies.

Neither is the absence of naming each guard – albeit for a different reason. The Indiana Department of Correction Grievance Policy doesn't require naming the guard. The policy only requires:

> Each completed State Form 45471, "Offender Grievance," must meet the following standards:
> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall raise the same issue that the offender raised in trying to get the informal resolution and document the attempts at informal resolution;
> 5. It shall relate to only one event or issue;
> 6. It shall be signed, dated, and submitted by an offender on his or her own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical, language, or other problem;
> 7. It shall explain how the situation or incident affects the offender; and,
> 8. The offender shall suggest appropriate relief or remedy.

ECF 29-2 at 9. The grievance form tells inmates to "Provide a brief, clear statement of your complaint or concern. Include any information that may assist staff in responding to your grievance." *See e.g.* ECF 29-4 at 1. Though it would frequently be helpful, the name of a guard isn't required.

"[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). Mr. Strominger followed those rules, but the defendants argue he should have done more by including the name of each person every time they allegedly denied him insulin and/or eye drops. Because the Grievance Policy didn't require that he do so, the absence of names isn't a basis for finding that he didn't exhaust. Mr. Strominger successfully grieved the alleged denial of insulin and/or eye drops on fourteen occasions in April, June, September, and October. He didn't need to "file multiple, successive grievances raising the same issue [for eleven other incidents in May, July and October, because] once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013). Summary judgment will be denied.

Finally, Mr. Strominger filed a response brief, but it wasn't necessary to consider it to resolve the summary judgment motion. ECF 34. He filed a motion asking the court to defer ruling on the motion so he can conduct limited discovery to oppose the summary judgment motion, but that too is unnecessary because he has

4

prevailed without the need for additional discovery. ECF 35. Finally, he filed a motion asking to file a sur-reply, but no sur-reply is needed. ECF 37.

For these reasons, the motions (ECF 28, 35, and 37) are DENIED.

SO ORDERED on April 8, 2021

s/ Robert L. Miller, Jr.<br>JUDGE<br>UNITED STATES DISTRICT COURT